**IT IS ORDERED as set forth below:**



**Date: April 27, 2018**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| JAMES E. DOPSON, ) | |
| ) | Case No. 17-51476-JRS |
| Debtor. ) | |
| ) | |
| MOSES E. WILCOX, ) | |
| ) | Adversary Proceeding |
| Plaintiff, ) | |
| ) | No. 18-05020-JRS |
| v. ) | |
| ) | |
| JAMES E. DOPSON, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

The questions before the Court are whether the statute of limitations has run with respect to collection of debt based on (a) a promissory note in which some, but not all, of the obligors

may have executed the note under seal and (b) fraud and whether Plaintiff has adequately pled his claim under the note and for fraud with the requisite particularity.

Defendant-Debtor James E. Dopson filed for Chapter 7 relief on January 26, 2017 and received his discharge on May 15, 2017 [Doc. 22]. This adversary proceeding was filed by Plaintiff Moses E. Wilcox on January 23, 2018 seeking a determination that the debt owed to him is non-dischargeable pursuant to 11 U.S.C. § 523(a)(3)(B). Under that section, a debt is non-dischargeable if it was incurred by, among other things, fraud and was not scheduled by the debtor in time to permit the creditor to timely file a proof of claim and a request for determination of dischargeability. The bankruptcy case was re-opened to permit the filing of this dischargeability action because Plaintiff was not scheduled as a creditor prior to the entry of Debtor's discharge.

Defendant has now filed a Motion to Dismiss Plaintiff's Complaint (the "Motion"), requesting that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or allege sufficient facts to support the relief requested. [Doc. 7]. Plaintiff Moses E. Wilcox filed his Response to the Motion [Doc. 10], and after a stipulation to extend the time, Defendant filed his Reply to Plaintiff's Response [Doc. 13].

Federal Rule 12(b)(6), made applicable in adversary proceedings pursuant to Bankruptcy Rule 7012(b), provides that dismissal should be granted if the plaintiff fails to "state a claim upon which relief can be granted." To state a claim, a plaintiff's complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Women Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir.

2

1981)). But simple recitals of elements supported by mere conclusory statements will not survive a motion to dismiss; the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). When determining whether a claim is plausible, "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Plaintiff alleges that Defendant approached him and requested that he advance $250,000 to Debtor's company for an opportunity to acquire and develop property located in Lake Oconee, Georgia (the "Property"). Plaintiff claims that Defendant told him that the funds would be repaid within a year with 25% interest. Further, Plaintiff alleges that Defendant (a) induced Plaintiff to advance the funds by providing a commitment letter from Integrity Bank showing its agreement to provide a loan secured by the Property [Doc. 1, Ex. A], amendments to a real estate contract showing an agreement to purchase the Property on or before March 5, 2007 [Doc. 1, Ex. B], and a copy of a check which Defendant represented was a check tendered to the seller of the Property [Doc. 1, Ex. C] and (b) made false representations about the steps needed before Defendant's company, Promise Land Development, LLC ("Promise Land"), could purchase the Property. Plaintiff wired the $250,000 in two transfers ($125,000 on March 9, 2017 and $125,000 on March 14, 2007) to an account in the name of Promise Land. On or about March 12, 2007, Defendant and two other co-obligors executed a promissory note which was payable to Plaintiff in the original principal amount of $250,000.00 (the "Note"). [Doc. 1, Ex. D]. The Note provides that all principal and unpaid accrued interest would be payable in full on March 12, 2008.

Plaintiff asserts that after demands for payment, Defendant still has not paid the amounts due under the Note.

When Defendant filed his Schedules on the petition date, Plaintiff was not listed as a creditor or included in the initial creditor matrix. This Court entered an Order granting a discharge on May 15, 2017—ten days after the deadline for filing of objections to the dischargeability of claims under Rule 4007(c). On June 9, 2017, Defendant amended his Schedules and added Plaintiff as a creditor, listing the debt as disputed in the amount of $230,000. The bankruptcy case was closed on August 8, 2017. On January 11, 2018, the Court granted Plaintiff's Motion to Re-Open the Debtor's Bankruptcy Case [Case No. 17-51476, Doc. 44] to file this adversary proceeding.

In Plaintiff's Complaint, Plaintiff argues that the debt owed should be nondischargeable under § 523(a)(3)(B) based on the false written and oral representations used to convince Plaintiff to advance the funds. Similarly, Plaintiff argues that he is entitled to judgment in the amount of $250,000 plus interest and attorney's fees based on Defendant's breach of contract. Defendant claims that this Complaint should be dismissed because Plaintiff's claim under § 523(a)(3)(B) is barred based on the Georgia statute of limitations for a claim of fraud in the inducement since the claim is one grounded in state law. Because Plaintiff has not previously filed suit against Defendant for fraudulent inducement, Defendant argues that Plaintiff's suit is not timely because Georgia law provides that the statute of limitations for fraud in the inducement is four years after the action accrues. *See Brooks v. Freeport Kaolin Co.*, 253 Ga. 678, 689 (1985).

4

Because Plaintiff's Complaint seeks a determination that the debt owed is nondischargeable under § 523 based on false pretenses, false representations and/or actual fraud, such a claim requires a different analysis than a state law claim for fraudulent inducement. Determining whether a debt is nondischargeable is a two step-process. *Hurston v. Anzo (In re Anzo)*, 547 B.R. 454, 464 (Bankr. N.D. Ga. 2016). The first step is to determine whether a claim exists or can be maintained under state or non-bankruptcy federal law. *Smith v. Smith (In re Smith)*, 495 B.R. 291, 297 (Bankr. N.D. Miss. 2013). Only after it is determined that a claim exists or can be maintained does the second step—determining nondischargeability—come into play. *Id.* If suit is not brought within the time period allotted under state law, then a debt cannot be established or maintained. *In re Anzo*, 547 B.R. at 464. As such, a state law statute of limitations is only relevant when determining whether a claim can be established or maintained, and once it is determined that a claim can be established or maintained, the state statute of limitations is no longer relevant to the question of dischargeability.

So the first question the Court must answer is which state law statute of limitations is applicable in establishing whether the Plaintiff has a state law claim? Defendant argues that the four-year fraudulent inducement statute of limitations should govern this inquiry. Plaintiff argues that the appropriate statute of limitations is twenty years because the action is based on a sealed promissory note. In the alternative, Plaintiff argues that even if the proper statute of limitations is four years for a fraud claim, such a claim is tolled until the discovery of such fraud, which Plaintiff contends he has adequately alleged in the Complaint.

The Court disagrees with Defendant that the only limitations period at issue is the four year period for fraudulent inducement because this claim is also based on a promissory note. For example, if a creditor has obtained a judgment for the amounts due under a promissory note, the

5

debt has clearly been established so he can proceed against the debtor in a bankruptcy case to argue that the debt is nondischargeable under federal bankruptcy law because it was incurred through fraud without regard to whether the state statute of limitations has expired for a fraud claim. *Id*. This makes sense because a creditor with a relatively simple to prove claim on a promissory note should not be burdened with having to also prove a more difficult claim for fraud at that time when the result will be the same, that being a judgment for the amounts due under the note. But this reasoning is not limited to creditors with judgments. If a limitations period to sue on a note has not expired, the same rationale would apply. The creditor has the benefit of the entire limitations period to sue on the note and does not have to sue for fraud before the expiration of a shorter limitations period merely to preserve a claim of nondischargeability in a bankruptcy case that may never happen.

Instead, the Court agrees with the Plaintiff that it must first look to the limitations period on the Note, but for the reasons set forth below does not agree with the Plaintiff that he is entitled to the benefit of a twenty year period under the facts of this case as set forth in the Complaint.

O.C.G.A. § 9-3-23 provides that "[a]ctions upon bonds or other instruments under seal shall be brought within 20 years after the right of action has accrued." Georgia law requires that a sealed instrument has both a recital in the body of the instrument as to the intention to use a seal as well as a seal or scroll after the signature. *See* O.C.G.A. § 9-3-23; *Davis v. Jim Holley Daniels, Jr.*, No. 1:13-CV-03806-RSW, 2015 WL 12681656, at *5 (N.D. Ga. Aug. 28, 2015). Further, an instrument can be under seal as to one party and not another. *McCalla v. Stuckey*, 233 Ga. App. 397, 398 (1998) (finding the six year statute of limitations applied to the lender and escrow agent because their signatures were not followed by a seal). Here, the Note has the requisite recital in the body of the instrument stating, "IN WITNESS WHEREOF, Borrower has

caused this Note to be duly executed, sealed and delivered, on the date first above written." [Doc. 1, Ex. 4]; *see Davis*, 2015 WL 12681656, at *5. However, it appears that the Note is not sealed as to Defendant as an individual. On the signature page of the Note there are three signatures: (1) Defendant's signature in his capacity as Managing Director of Promise Land; (2) Defendant's signature as an individual; and (3) Tony Ellis' signature. Only Defendant's signature in his capacity as Managing Director of Promise Land is followed by "[SEAL]." As such, the Note is sealed only as to Promise Land. Because there is no designation after Defendant's and Ellis' signatures, the Note is not sealed as to these two individuals and the twenty-year limitation period would not apply, but rather only a six year limitations period. Plaintiff's Complaint does not sufficiently allege facts that show that this proceeding was commenced within the applicable six year period. Based on the allegations in the complaint, it would appear that the statute of limitations period on the Note expired in 2014, well before the commencement of this bankruptcy case. The Court will, however, give Plaintiff an opportunity to amend his Complaint to plead facts that set forth when the cause of action under the Note accrued if it was a date later than March 12, 2008 and, if so, what the facts are that support that the date was within the six year limitations period, but the failure to file such an amendment will result in the dismissal of that claim to the extent it is based on the Note.

Even if the suit on the Note was time-barred, Plaintiff would contend he still has a claim based on fraud because Defendant allegedly continued to misrepresent the status of repayment and the status of Promise Land acquiring the Property and, therefore, Plaintiff was unaware of the fraud for years. As such, Plaintiff contends that the four-year statute of limitations for fraud should be tolled pursuant to O.C.G.A. § 9-3-96, which provides that "the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." However, in alleging

7

fraud, Plaintiff's Complaint must state with particularity the circumstances constituting fraud. Fed. R. Bankr. P. 7009; Fed. R. Civ. P. 9. The Complaint does not specify what the fraudulent action was that occurred within the limitations period. More specifically, and in addition to any other elements of a claim for fraud, Plaintiff's Complaint must sufficiently allege that a fraudulent action or misrepresentation occurred within the limitations period – who, what and when. The Court will, however, give Plaintiff an opportunity to amend his Complaint to plead facts that set forth when the cause of action for fraud accrued and what the facts are that support that the date was within the four year limitations period, but the failure to file such an amendment will result in the dismissal of that claim to the extent it is based on fraud. Accordingly, for the reasons stated herein, it is hereby

**ORDERED** that Plaintiff shall have twenty-one (21) days after the date of the entry of this Order to file an amended complaint setting forth sufficient details to determine if the claims based on the Note and fraud are within the applicable limitations period. If Plaintiff does file a timely amended complaint, Defendant shall have twenty-one (21) days thereafter to file an answer or other responsive pleading, and it is

**FURTHER ORDERED** that if no amended complaint is timely filed the Court will grant Defendant's Motion to Dismiss without further notice or hearing.

**END OF DOCUMENT**

Distribution List

Lisa McVicker Wolgast
Gwendolyn J. Godfrey
Attorneys for Plaintiff
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326

Hal J. Leitman
Attorney for Defendant
Rountree & Leitman, LLC
2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329