**IT IS ORDERED as set forth below:**



Date: August 29, 2018

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| JAMES E. DOPSON, ) | |
| ) | Case No. 17-51476-JRS |
| Debtor. ) | |
| ) | |
| MOSES E. WILCOX, ) | |
| ) | Adversary Proceeding |
| Plaintiff, ) | |
| ) | No. 18-05020-JRS |
| v. ) | |
| ) | |
| JAMES E. DOPSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") filed by Defendant James E. Dopson [Adv. Doc. 20]. Defendant-Debtor James E. Dopson filed for Chapter 7 relief on January 26, 2017 and received his discharge on May 15, 2017 [Bankr. Doc. 22]. Plaintiff, however, was not added as a creditor to the case until June 9, 2017,

1

after the entry of the discharge, and the case was closed on August 23, 2017. On November 21, 2017, Plaintiff filed a motion to reopen the bankruptcy case to bring this adversary proceeding. The bankruptcy case was re-opened on January 11, 2018 after a hearing two days earlier to permit the filing of this dischargeability action because Plaintiff was not scheduled as a creditor prior to the entry of Debtor's discharge.

This adversary proceeding was filed by Plaintiff Moses E. Wilcox on January 23, 2018 seeking a determination that the debt owed to him is non-dischargeable pursuant to 11 U.S.C. § 523(a)(3)(B). In support of his non-dischargeability claim, Plaintiff alleges in his original complaint that Defendant approached him in 2007 and requested that he advance $250,000 to Debtor's company for an opportunity to acquire and develop property located in Lake Oconee, Georgia (the "Property"). Plaintiff claims that Defendant told him that the funds would be repaid within a year with 25% interest. Further, Plaintiff alleges that Defendant (a) induced Plaintiff to advance the funds by providing a commitment letter from Integrity Bank showing its agreement to provide a loan secured by the Property [Adv. Doc. 1, Ex. A], amendments to a real estate contract showing an agreement to purchase the Property on or before March 5, 2007 [Adv. Doc. 1, Ex. B], and a copy of a check which Defendant represented was a check tendered to the seller of the Property [Adv. Doc. 1, Ex. C] and (b) made false representations about the steps needed before Defendant's company, Promise Land Development, LLC ("Promise Land"), could purchase the Property. Plaintiff wired the $250,000 in two transfers ($125,000 on March 9, 2017 and $125,000 on March 14, 2007) to an account in the name of Promise Land. On or about March 12, 2007, Defendant and two other co-obligors executed a promissory note which was payable to Plaintiff in the original principal amount of $250,000.00 (the "Note"). [Adv. Doc. 1, Ex. D]. The Note provides that all principal and unpaid accrued interest would be payable in full on March 12,

2

2008. Plaintiff asserts that after demands for payment, Defendant still has not paid the amounts due under the Note.

Defendant filed a Motion to Dismiss Plaintiff's Complaint, requesting that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or allege sufficient facts to support the relief requested. [Adv. Doc. 7]. Plaintiff filed his Response to the Motion [Adv. Doc. 10], and after a stipulation to extend time, Defendant filed his Reply to Plaintiff's Response [Adv. Doc. 13]. Because the Complaint failed to plead with any specificity actions taken by either party after 2008, this Court entered an Order directing Plaintiff to file an amended complaint setting forth sufficient detail to determine if the claims alleged by Plaintiff are within the applicable limitations period as discussed in the Order.[1] [Adv. Doc. 16]. Plaintiff filed his Amended Complaint to Determine Dischargeability of Debt on May 18, 2018 [Adv. Doc. 18], and after a stipulation to extend time, Defendant filed his Answer and Affirmative Defenses to First Amended Complaint as well as a Motion to Dismiss First Amended Complaint [Adv. Docs. 21, 20], to which Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss [Adv. Doc. 23], and Defendant filed a Reply to Plaintiff's response [Adv. Doc. 24].

In Plaintiff's Amended Complaint, Plaintiff alleges that "[B]etween July 2007 and mid-2013,…the Debtor repeatedly informed Plaintiff…that the acquisition deal was scheduled to close" and Plaintiff would then be repaid or could choose to exercise his option to convert the sum he was owed into an ownership interest [Adv. Doc. 18, ¶ 21]. Plaintiff also states that the earliest date upon which he could have discovered the fraud was on June 17, 2013, when the property in question was foreclosed upon and recorded as such [Adv. Doc 18, ¶ 54]. Plaintiff also does not

---

[1] Because only Promise Land signed the Note under seal, the statute of limitation to sue the co-obligors under the Note is only six years and expired in 2014.

3

allege any representations from Debtor after that date. Plaintiff asserts that the four-year statute of limitations for fraud was tolled until this date [Adv. Doc. 18, ¶ 55]. The Amended Complaint was accompanied by a copy of an email purportedly sent by the Plaintiff to the Defendant on July 10, 2016 requesting that the Defendant repay him on the Note [Adv. Doc 1, Ex. E]. In the email Plaintiff states: "it appears you have defrauded me and lied to me…" [Adv. Doc. 1, Ex. E].

In Defendant's Reply to Plaintiff's Response in Opposition the Motion, Defendant states that under 11 U.S.C. § 108(c) "Plaintiff had until either the end of the statute of limitations for the initial action, June 17, 2017, or thirty days after notice of the termination or expiration of the automatic stay" to file the fraud claim [Adv. Doc. 24, p. 4]. Defendant asserts that because Plaintiff did not file his Motion to Re-Open until November 21, 2017, the claim is time-barred.

## DISCUSSION

Determining whether a debt is nondischargeable is a two step-process. *Hurston v. Anzo (In re Anzo)*, 547 B.R. 454, 464 (Bankr. N.D. Ga. 2016). The first step is to determine whether a claim exists or can be maintained under state or non-bankruptcy federal law. *Smith v. Smith (In re Smith)*, 495 B.R. 291, 297 (Bankr. N.D. Miss. 2013). Only after it is determined that a claim exists or can be maintained does the second step—determining nondischargeability—come into play. *Id*. If suit is not brought within the time period allotted under state law, then a debt cannot be established or maintained. *In re Anzo*, 547 B.R. at 464. "[E]stablishment of a debt…is critical because satisfying this element provides the creditor with the access key to an adjudication of dischargeability of that debt." *In re Banks*, 225 B.R. 738, 745 (Bankr. C.D. Cal. 1998), *aff'd*, 246 B.R. 452 (B.A.P. 9th Cir. 1999), *aff'd sub nom. Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862 (9th Cir. 2001),

4

and *aff'd*, 246 B.R. 452 (B.A.P. 9th Cir. 1999). Without a timely state law claim the analysis of nondischargeability of the debt does not need to take place.

Georgia law provides that the statute of limitations for fraud in the inducement is four years after the action accrues. *See Brooks v. Freeport Kaolin Co.*, 253 Ga. 678, 689 (1985). O.C.G.A. § 9-3-96 provides that "the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." If the foundational claim is based on actual fraud, the limitation period is tolled "until such fraud is discovered, or could have been discovered by the exercise of ordinary care and diligence." *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 846–47 (1998). Plaintiff has conceded that he had constructive notice that the property had been foreclosed upon and therefore was not being purchased by the Defendant or any related entity as of June 17, 2013.[2] Therefore it appears that both parties agree that, absent any additional issues raised by the Defendant's bankruptcy filing in January 2017, the statute of limitations for bringing a fraud claim had expired, at the latest, as of June 17, 2017.[3]

> 11 U.S.C. § 108(c) states:
>
> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of--
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

---

[2] Furthermore, during the six years between when the loan was made and June 17, 2013, and there being no repayment efforts made, the exercise of ordinary care and due diligence should have led to the conclusion that the property would not be purchased.
[3] Even if the Court choose to ignore the June 17, 2013 foreclosure date and assume that Plaintiff's assertion that representations occurred until "mid-2013" tolled the statute of limitations until July, August, or even September of that year, this still does not bring the Plaintiff's claim within the bar date.

Georgia courts have consistently interpreted 11 U.S.C. § 108(c) as "toll[ing] the running of periods of limitation which would otherwise expire during the period of a stay in bankruptcy until 30 days after the termination of the stay." *Breeze v. Columbus Bank & Tr. Co.*, 214 Ga. App. 534, 534 (1994). *See also J.T. Indus. Contractors, Inc. v. Hargis Railcar, Inc.*, 217 Ga. App. 679, 679 (1995) ("[I]f the limitation period set by state law has expired during a bankruptcy, suit against the debtor must be commenced within 30 days after the termination of the automatic stay."); *State Farm Mut. Auto. Ins. Co. v. Harris*, 207 Ga. App. 8, 9 (1992)("To prevent plaintiffs…from losing their causes of action due to the passage of time, [108(c)] extends limitation periods for commencing actions against debtors in bankruptcy to 30 days after termination or modification of the automatic stay.") *See generally* § 18:6.Tolling of statute, Ga. Law of Torts § 18:6 ("A bankruptcy proceeding does not actually toll the statute of limitations, but merely extends it for a thirty-day period following the expiration of the automatic stay.")

Section 108(c)(2) of the Bankruptcy Code requires that a party have notice that the automatic stay has expired or been terminated in order for the 30 days to begin to run. The Plaintiff received two notices in regard to the Defendant's bankruptcy case: The first occurred on June 9, 2017 when the Debtor amended his schedules to reflect the Plaintiff as a creditor [Bankr. Doc. 24], the second occurred when the Plaintiff was notified of the closing of the case on August 25, 2017 [Bankr. Doc. 40]. Despite Plaintiff's statement that the amended schedule was not served on him at his residence, but rather at his business [Adv. Doc. 1, ¶ 26], Plaintiff does not contend that service was therefore improper.[4] In fact, the filing of Plaintiff's Motion to Reopen on November

---

[4] Bankruptcy Rule 7004(b), which governs service in adversary proceedings, specifically allows for service by first class mail "to the place where the individual regularly conducts business." While the notices sent to Plaintiff in this instance were not related to an adversary proceeding, the heightened standards for service under Rule 7004(b) were met in this case.

6

21, 2017 [Bankr. Doc. 41] demonstrates that the Plaintiff had actual knowledge of the proceeding, knowledge which presumably came from the June 9th or August 25th mailings to his place of business. Viewing the facts in a light most favorable to Plaintiff, the 30-day extension provided by 11 U.S.C. §108(c)(2) to file his fraud claim began to run at the latest on August 25, 2017 (or a few days thereafter due to the mailing process). Plaintiff's first attempt to assert his rights came on November 21, 2017, no earlier than approximately two months after the 30-day window closed, so he is therefore barred. Because no state law claim can be maintained, the Court does not need to reach the issue of nondischargeability and Plaintiff's complaint must be dismissed.

Accordingly, it is hereby

**ORDERED** that Defendant James E. Dopson's Motion to Dismiss First Amended Complaint [Doc. 20], pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, is **GRANTED**, and that this adversary proceeding is **DISMISSED**.

**END OF DOCUMENT**

Distribution List

Lisa McVicker Wolgast
Gwendolyn J. Godfrey
Attorneys for Plaintiff
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326

Hal J. Leitman
Attorney for Defendant
Rountree & Leitman, LLC
2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329